IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CORNELL DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>Defendant. | ) | Case No.: |

**COMPLAINT**

Plaintiff, CORNELL DAVIS, (hereinafter "Plaintiff" or "DAVIS"), by and through his attorneys, Seth R. Halpern and John Malkinson of Malkinson & Halpern, P.C., for his Complaint against Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, states as follows:

**PARTIES AND JURISDICTON**

1. Plaintiff, CORNELL DAVIS, is a citizen of the State of Illinois and a resident of Lake County, Illinois.

2. Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD" or "Defendant"), is responsible for the governance, organizational and financial oversight of the Chicago Public Schools ("CPS"), and at all times relevant, was an employer within the meaning of the Illinois Human Rights Act, 775 ILCS 5-201 *et sec.,* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) *et seq*.

3. At all relevant times, Plaintiff was and remains employed with Defendant, starting in or around 2008 and continuing through the present.

4. Plaintiff is African-American.

5. Plaintiff, for the purposes of his claims and at all relevant times herein, was an employee within the meaning of Illinois Human Rights Act, 775 ILCS 5-201 *et sec.* and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f).

6. This is an individual action brought by Plaintiff against Defendant for claims of unlawful race discrimination and retaliation, in violation of the Illinois Human Rights Act, 775 ILCS 5-201 *et sec.* and Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*

7. This Court has jurisdiction of this case pursuant to 42 U.S.C. § 2000e *et* seq, as amended, and supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367

8. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

9. Plaintiff has complied with all administrative prerequisites by timely filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

10. Plaintiff received his Notice of Right to Sue on or after January 8, 2026, from the U.S. Department of Justice. Accordingly, this is a timely filed Complaint.

**FACTUAL ALLEGATIONS**

11. In or around 2008, Defendant hired Plaintiff as a JROTC military instructor/teacher. In or around 2017, Plaintiff was transferred in the same position to Steinmetz College Prep High School in Chicago, Illinois. Plaintiff currently remains in that position.

12. Throughout his employment, Plaintiff has performed his job duties satisfactorily and met Defendant's reasonable business and educational expectations.

13. Starting in January of 2022 and continuing, Plaintiff was the target of racially negative comments, abuse and targeting by other teachers and supervisors and was subjected to

continuous and repeated discrimination and harassment based upon his race, Black/African American.

14. Examples of such discriminatory and harassing acts include but are not limited to:

a. A flyer depicting a black snake with Plaintiff's head superimposed as the snake's head and bearing the caption "snake" placed in Plaintiff's mailbox and distributed at the school;

b. A flyer with the words "Nigger do as you are told!" placed in Plaintiff's mailbox at the school;

c. A teacher/colleague disseminating or showing the snake flyer at a local bar where other members of the faculty were present;

d. A teacher/colleague sending Plaintiff a "Cease and desist" letter regarding his complaints about the aforementioned racist behavior;

e. Another teacher confronting Plaintiff in person and telling him that he will no longer hear of this "race shit" from Plaintiff;

f. The same teacher referring to Plaintiff as "boy";

g. Plaintiff being prohibited from speaking at a Professional Personnel Leadership Committee meeting while other, non-black teachers were permitted to speak;

h. Being told by a teacher not to file another racial complaint report;

i. Being further told by a teacher/colleague that soldiers are supposed to do as they are told, the implication being the same as the "Nigger do as your told!" flyer;

j. Other continuous and racially harassing conduct.

15. Similarly situated non-Black employees were not treated in the manner outlined, above.

16. The above-described behavior was unwelcome and offensive and substantially and negatively impacted Plaintiff's work environment, resulting in a racially hostile work environment

for Plaintiff on a daily basis. Defendant was at all relevant times aware of or should have been aware of said conduct and either participated in or knowingly allowed said conduct to occur and continue.

17. Plaintiff complained, verbally and in writing, multiple times to administrators, including but not limited to the previous Principal, Network Chief and Human Resource representatives, and to the CPS Equal Opportunity Compliance Office, as well as to the Chief Education Officer of CPS and the Mayor of the City of Chicago. At no time did Defendant respond with any immediate or effective action to address or stop the discriminatory conduct toward Plaintiff, and in many cases, Plaintiff's complaints were ignored, completely.

18. Some of the racial misconduct described hereinabove occurred after Plaintiff began lodging complaints of racial discrimination and hostile working environment and was perpetrated against Plaintiff in retaliation for said complaints, including but not limited to:

a. Being sent the aforementioned "cease and desist letter";

b. Being prohibited from speaking at a PPLC committee meeting while other, non-black teachers were permitted to speak;

c. Allowing a teacher/perpetrator to violate a Safety Plan by entering Plaintiff's hallway in an attempt to intimidate Plaintiff, despite being prohibited from doing so;

d. Allowing teacher/perpetrators to publicly disparage Plaintiff and his complaints of racial discrimination without taking any preventive measures or without consequence;

e. Placing or allowing placement of an anti-racist text/book in Plaintiff's inbox in an effort to send him an intimidating message;

f. Allowing the circulation of a petition for teachers to sign at the school which implied that Plaintiff falsely alleged racial misconduct; and

g. Other racially retaliatory conduct.

19. The actions of CPS and, in turn, the BOARD, in ignoring Plaintiff's complaints of racial misconduct and turning a blind eye show that Defendant acted with discriminatory intent and deliberate indifference toward the racially motivated hostile work environment directed against Plaintiff by CPS personnel.

20. As a result of the unlawful and willful acts complained of herein, plaintiff has suffered emotional distress, embarrassment, humiliation, and mental anguish.

**COUNT I**
**(Discrimination-Hostile Work Environment)**

21. Plaintiff repeats and realleges paragraphs 1-20 as if fully rewritten herein as paragraph 21.

22. The racial discrimination and harassment, which is described and examples provided herein, occurred within the work environment of Steinmetz High School, a CPS/Board operated school/campus and Plaintiff's place of employment.

23. Defendant, through its faculty, management and supervisory staff, permitted, acquiesced to and engaged in acts of racial discrimination that were severe and pervasive and substantially interfered with Plaintiff's ability to complete his job duties.

24. Defendant created and allowed a hostile, offensive and intimidating work environment for Plaintiff because of his race, African American.

25. Defendant subjected Plaintiff to harsher and more negative terms and conditions of employment because of his race.

26. Plaintiff made numerous reports and complaints of racial discrimination and despite his complaints, Defendant CPS and, in turn, BOARD, took no effective remedial action to stop the racially harassing behavior toward Plaintiff and permitted such behavior to continue.

27. Additionally, the previous school principal failed to even report Plaintiff's complaints and no effective or remedial action was taken to stop this abuse and said abuse was knowingly allowed to continue, despite a finding against two teachers by the CPS Equal Opportunity Compliance Office issued on December 23, 2022, substantiating Plaintiff's complaints of harassment based upon race against said individuals.

28. As a result of Defendant's actions, and lack thereof, Plaintiff was deprived of his right to work in an environment free from racial discrimination and as a result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish, and humiliation.

WHEREFORE, Plaintiff, CORNELL DAVIS, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant and that of its agents, employees and representatives, in violation of Illinois Human Rights Act, 775 ILCS 5-201 *et sec.,* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) *et seq.*

(b) Awarding Plaintiff compensatory damages;

(c) Awarding Plaintiff damages for related emotional distress;

(d) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorneys' fees and costs; and

(g) any other lawful relief deemed just and proper.

**COUNT II**
**Retaliation**

29. Plaintiff repeats and realleges paragraphs 1-28 as if fully rewritten herein as paragraph 29.

30. Starting in 2022 following his initial complaints of racial discrimination and continuing, Plaintiff was and has been the target of racially negative retaliatory comments and abuse by other teachers and supervisors and has been subjected to continuous and repeated retaliatory discrimination and harassment based upon his race, Black/African American

31. Plaintiff complained, verbally and in writing, multiple times to school and CPS administrators, including but not limited to the previous school Principal, the Network Chief and Human Resource representatives, and to the CPS Equal Opportunity Compliance Office. Defendant CPS and, in turn, BOARD, took no immediate or effective action to address or stop the discriminatory conduct and in many cases, Plaintiff's complaints were ignored, completely.

32. The actions of CPS and, in turn, the BOARD, in ignoring Plaintiff's complaints of racial misconduct show that Defendant acted with discriminatory intent and deliberate indifference toward the racially motivated hostile work environment directed against Plaintiff by CPS personnel.

33. In response to Plaintiff's protected complaints of what he believed in good faith to be unlawful racial discrimination and harassment, Defendant did directly or indirectly and knowingly allow continued and escalated retaliatory conduct against Plaintiff, including but not limited to:

a. Being sent the aforementioned "cease and desist letter";

b. Being prohibited from speaking at a PPLC committee meeting while other, non-black teachers were permitted to speak;

c. Allowing a teacher/perpetrator to violate a Safety Plan by entering Plaintiff's hallway in an attempt to intimidate Plaintiff, despite being prohibited from doing so;

d. Allowing teacher/perpetrators to publicly disparage Plaintiff and his complaints of racial discrimination without taking any preventive measures or without consequence;

e. Placing or allowing placement of an anti-racist text/book in Plaintiff's inbox in an effort to send him an intimidating message;

f. Allowing the circulation of a petition for teachers to sign at the school which implied that Plaintiff falsely alleged racial misconduct; and

g. Other racially retaliatory conduct.

34. Defendant committed or knowingly allowed these actions, in retaliation for Plaintiff's protected activities of complaining about racial discrimination and harassment.

35. As a result of Defendant's unlawful retaliation, Plaintiff has suffered severe emotional distress, mental anguish, humiliation and stress.

WHEREFORE, Plaintiff, CORNELL DAVIS, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant and that of its agents, employees and representatives, in violation of Illinois Human Rights Act, 775 ILCS 5-201 *et sec.,* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) *et seq.*

(b) Awarding Plaintiff compensatory damages;

(c) Awarding Plaintiff damages for related emotional distress;

(d) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorneys' fees and costs; and

(g) any other lawful relief deemed just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED: March 12, 2026

Respectfully Submitted,

s/Seth R. Halpern
Seth R. Halpern, Attorney for Plaintiff

Seth R. Halpern
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com